**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mary Emerson, a married woman, ) | No. 07-CV-1047-PHX-NVW |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Maricopa County, a public entity, et al., ) | |
| Defendants. ) | |

The court has before it Plaintiff Mary Emerson's Motion to Remand (doc. # 5), the Maricopa County Defendants'[1] Response (doc. # 7) and Emerson's Reply (doc. # 8). The Motion will be denied for the reasons set forth below.

**I.   Background**

Emerson alleges that on February 25, 2006, two Maricopa County Sheriff's deputies, Frank Sloup and Rich Bricklin, physically accosted and detained her at the James Hotel, where the deputies were moonlighting as security guards. She contends that she was an invited guest at the hotel at the time. Emerson avers that she was charged with resisting arrest and disorderly conduct, but that the charges were subsequently dismissed. Emerson filed an action in the Maricopa County Superior Court against Defendants GM Security and

---

[1] The "Maricopa County Defendants" consist of Maricopa County, the Maricopa County Sheriff's Office, the Maricopa County Board of Supervisors, Sheriff Joseph M. Arpaio, Ave Arpaio, and Sheriff's Deputies Frank Sloup and Rich Bricklin and their spouses.

1 Consulting, James Hotel Scottsdale, Gray Development Group, Morgans Hotel Group
2 Management[2] (collectively, the "James Hotel Defendants") and the Maricopa County
3 Defendants on February 16, 2007. Emerson asserts causes of action for various state law
4 torts as well as for violations of her federal civil rights. The federal claims are asserted
5 against the Maricopa County Defendants only. Emerson served her complaint upon most of
6 the James Hotel Defendants on March 5, 2007,[3] and she served the Maricopa County
7 Defendants on April 24, 2007.[4]

8 The Maricopa County Defendants removed the action to this court on May 23, 2007.
9 (Doc. # 1.) Emerson asserts that remand to the Maricopa County Superior Court is warranted
10 because the Maricopa County Defendants' removal was untimely under the mandatory 30-
11 day removal window prescribed by 28 U.S.C. § 1446(b). The Maricopa County Defendants
12 respond that removal was timely because the Notice of Removal was filed within 30 days of
13 service upon them. In her Reply, Emerson contends (1) that the 30-day removal clock begins
14 to run when the first defendant is served and (2) that the consent of all served defendants is
15 required for removal. She avers that the Maricopa County Defendants' removal was
16 defective for these reasons.

17 **II.   Analysis**

18     **A.   The Time for Removal**

19 Title 28, section 1446(b), United States Code, provides, in part, that "[t]he notice of
20 removal of a civil action or proceeding shall be filed within thirty days after the receipt by

---

[2] Morgans Hotel Group Management, dba Mondrian Scottsdale, was dismissed from the action without prejudice by Plaintiff on June 20, 2007. (Doc. # 6.)

[3] Gray Development Group and James Hotel Scottsdale were served on March 5, 2007. (Doc. # 1, Ex. G, H.) Plaintiff lists GM Security and Consulting as having been served on May 10, 2007 (doc. # 5 at 3), but provides no supporting affidavit.

[4] In her Motion, Emerson incorrectly lists her date of service to Maricopa County itself as March 5, 2007. The actual date of service for the county was April 24, 2007. (Doc. # 1, Ex. O.)

- 2 -

the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." The effect of the statute is that the thirty-day removal period begins to run only when a defendant is formally served with a copy of the complaint. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 353-54 (1999).

However, there "is currently a split of authority on the construction of § 1446(b) when applied to multiple defendants." *United Computer Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 763 n.4 (9th Cir. 2002). The "first-served defendant rule" construes the statute to say that the time period for removal for all defendants begins to run on the date the first defendant is served. *Id.* at 762. The circuits adhering to this rule hold that it follows logically from the rule requiring unanimous consent from defendants for removal. *Brown v. Demco, Inc.*, 792 F.2d 478, 482 (5th Cir. 1986). These courts assume that if the first-served defendant did not timely remove, he would not consent to removal by the later-served defendants. *Id.* at 482; *see McKinney v. Bd. of Trs.*, 955 F.2d 924, 926 n.3 (4th Cir. 1992).

Critics of the rule "point out that it deprives defendants served after the thirty-day period of the opportunity to persuade the first defendant to join in the removal petition." *Brown*, 792 F.2d at 482 (internal quotations and citations omitted). In contrast, the "later-served defendant rule"–named for its fairness to those later served–allows each defendant 30 days from its date of service to remove a case, regardless of whether earlier-served defendants have done so. *Marano Enters. v. Z-Teca Rests.*, 254 F.3d 753, 756 (8th Cir. 2001); *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 (6th Cir. 1999). The circuits adhering to the later-served defendant rule still require consent from all defendants for removal. *Marano*, 254 F.3d at 757 n.6; *Brierly*, 184 F.3d at 533.

The Court of Appeals for the Ninth Circuit has not expressed an opinion "on the propriety of either rule." *United Computer Sys., Inc.*, 298 F.3d at 763 n.4. Courts and commentators have noted that the modern trend is to abandon the first-served defendant rule. *Piacente v. State Univ. of N.Y.*, 352 F. Supp. 2d 383, 387-90 (W.D.N.Y. 2004) (finding that

- 3 -

1  Congress specifically contemplated cases involving multiple defendants when drafting
2  subsections 1446(a) and (b) of 28 U.S.C., and holding that those subsections implicitly
3  support adoption of the later-served defendant rule); *Bonner v. Fuji Photo Film*, 461 F. Supp.
4  2d 1112, 1117 (N.D. Cal. 2006) (noting the modern trend and adopting the later-served
5  defendant rule). Some courts and commentators have also forecast that the Supreme Court
6  would adopt the later-served defendant rule if confronted with this issue. *Id.* at 388; *Marano*,
7  254 F.3d at 756-57; 16 James Wm. Moore et al., *Moore's Federal Practice* § 107.30(3)(a) at
8  107-163 (3d ed. 2007).

9  Emerson places great weight on *Schwartz v. FHP International Corporation*, 947 F.
10 Supp. 1354 (D. Ariz. 1996), throughout her moving papers. She urges that *Schwartz* adopted
11 the first-served defendant rule. In fact, *Schwartz* assumed without deciding that 28 U.S.C. §
12 1446(b)'s removal deadline "begins to run on the date the first defendant receives a copy of
13 the complaint." *See Schwartz*, 947 F. Supp. at 1363; *Hobbs v. Pacificorp*, No. CV-05-1906-
14 PHX-SRB, 2006 WL 120325, at *1 n.2 (D. Ariz. Jan. 17, 2006) (concluding that *Schwartz*
15 was not decided under the first-served defendant rule). The Maricopa County Defendants
16 contend that application of the first-served defendant rule in this case would allow Emerson
17 to defeat removal simply by delaying service upon them until more than 30 days had passed
18 from the date the James Hotel Defendants were served. This court agrees that the right to
19 removal should not be subject to gamesmanship by plaintiffs who deliberately delay service
20 in an attempt to run the removal clock before serving those defendants most likely to remove.
21 *See Brown*, 792 F.2d at 482 (noting that exceptional circumstances, such as a plaintiff's "bad
22 faith effort to prevent removal," might permit removal outside the time permitted under the
23 first-served defendant rule). Consistent with the holdings of the Courts of Appeal for the
24 Sixth and Eighth Circuits, this court holds that the later-served defendant rule is the proper
25 rule in this case involving multiple defendants served on different dates.

26
27
28

### B. The Unanimous Consent Requirement

In *Chicago, Rock Island & Pacific Railway Company v. Martin*, 178 U.S. 245, 251 (1900), the Supreme Court held that consent from all defendants, even those who would not be able to independently remove the case, is required for removal to the federal forum. *See also Doe v. Kerwood*, 969 F.2d 165, 167 (5th Cir. 1992). The failure to join all defendants in a removal petition is a procedural defect. *Council of Laborers v. Pittsburgh-Des Moines Steel Co.*, 69 F.3d 1034, 1036 (9th Cir. 1995); *see also Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988) (holding that each served defendant need not sign the original removal petition, but must at least file a timely indication of consent).

However, if the procedural defect is not raised within 30 days of the filing of the notice of removal, that argument is waived under 28 U.S.C. § 1447(c), which provides that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." *See Council of Laborers*, 69 F.3d at 1038 (holding that the failure to join a named co-defendant could not be "raised later than 30 days after the filing of the notice of removal, regardless of whether a timely remand motion has been filed").

The Maricopa County Defendants failed to join any of the James Hotel Defendants to the removal within § 1446(b)'s 30-day limit. However, Emerson also failed to raise that procedural defect in this court within § 1447(c)'s 30-day limit. Her Motion states only: "Remand to the Superior Court is warranted because the Notice of Removal (filed on May 23, 2007), is untimely. The mandatory 30-day removal deadline, prescribed by 28 U.S.C. § 1446(b), expired on April 4, 2007, because the first defendant was served on March 5, 2007." (Doc. # 5.) At oral argument on August 7, 2007, Plaintiff's counsel urged that Emerson did timely raise the defect, and cited the following language from the Memorandum of Points and Authorities submitted in support of her Motion:

> "Just as in Schwartz, Defendant Gray Development and The James Hotel, in this lawsuit, failed to file a removal within 30-days from the time they had been

- 5 -

served. As a consequence, the controlling <u>Schwartz</u> decision compels that this lawsuit be remanded as well.

It is of significance that <u>Schwartz</u> heavily relied upon the decision of <u>Teitelbaum v. Soloski</u>, 843 F.Supp. 614 (N.D.Cal. 1994). Like <u>Schwartz</u>, the <u>Teitelbaum</u> case adopted the "first-served" defendant rule which requires joinder in the removal, *by all served defendants*, **from the date the first defendant is served**[.]"

(Doc. # 5 at 6-7 (emphasis in original).)

Emerson's Motion was made solely on the ground that the Maricopa County Defendants' removal was untimely. The quoted langauge did not provide fair notice of the additional ground for remand, the lack of consent from the James Hotel Defendants. This argument was first raised in Emerson's Reply, submitted 37 days after the filing of the Notice of Removal. "[T]he critical date is not when a motion to remand is filed, but when the moving party asserts a procedural defect as a basis for remand." *Council of Laborers*, 69 F.3d at 1038. Therefore, Emerson has waived the right to assert this defect as a basis for remand. *See id.*

Due to Emerson's waiver, and this court's conclusion that the Maricopa County Defendants' Notice of Removal was timely under the later-served defendant rule, Emerson's motion must be denied.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand (doc. # 5) is denied.

DATED this 8th day of August, 2007.

*/s/ Neil V. Wake*
Neil V. Wake
United States District Judge